## KEHR v KEHR

Ohio Appeals, 2nd Dist, Montgomery Co

No 969.   Decided April 24, 1933

D. H. Wysong, Dayton, for plaintiff in error.

Robert W. Brown, Lebanon, for defendant in error.

HORNBECK, PJ.

This becomes, upon the record, solely a question of the weight of the evidence.

We have read this record and are convinced that the plaintiff did not establish any ground of divorce against the defendant. The only fact which tends in any way to establish gross neglect on the husband's part was that relating to the uncleanliness of the defendant. Giving full weight to all that the plaintiff testified respecting the habits of her husband, it is established that he was careless with his person and somewhat filthy in his manner of living. However, the corroboration of her statements,

which would be necessary if her own testimony established a ground of divorce, is not forthcoming. Some of the witnesses say he looked dirty. One witness said his head would stand washing, but there is no definite proof, outside of the testimony of the plaintiff, to support the claim that he was dirty to an extent constituting gross neglect of duty. The trial court, hearing the testimony and observing the witnesses, was in far better position to determine their credibility and the weight given to their statements than we are on consideration of the record. Then, too, we are required to accord to the trial court the prerogative of judging the credibility of witnesses and cannot override this determination unless it is so manifestly against the weight of the evidence as to shock the conscience of this court.

It is the law of Ohio that when a decree of divorce is granted to a party the decree itself operates to bar the party for whose aggression the divorce is granted of dower in real estate of the successful party. Thus, when the trial court here granted the decree of divorce to the defendant, the plaintiff, by force of law, was barred of her dower rights. Likewise, the court would have no right to grant alimony as such to the plaintiff, having decreed a divorce to her husband. There was no property which had been acquired by the joint efforts of these parties to divide. The record does not establish any fraudulent conduct on the part of the defendant, respecting a transfer of his real estate. He only had a life estate in the property, the subject of the controversy, and when the trial court, within its discretionary powers, determined that the evidence supported a decree of divorce from the plaintiff there was no right to award any portion of the defendant's life estate in the real estate to the plaintiff, as alimony.

Of course, it is mandatory that there be corroboration of the testimony of defendant supporting any ground for divorce before a decree to him can be supported. It is difficult indeed to find such corroboration respecting any of the grounds alleged in the cross petition of defendant in error. There is nothing whatever to sustain the ground of fraudulent contract. We presume this finding is based upon some theory that plaintiff in error had a criminal record which was withheld from defendant in error at the time she married him. The record does not establish that she has any criminal record. There is an admission on her part that she was tried for a criminal offense. She testified she was acquitted and there is not a scintilla of evidence to overcome that undenied statement in the record. Likewise, there is no corroboration of extreme cruelty. The husband suggests at one place that she menaced him with a knife, but to this statement there is no support from any other witness. We cannot take judicial notice of an action against plaintiff in juvenile court, if any. It is likewise claimed that the plaintiff stole his money, but the evidence tending to support that has no probative effect.

There is then left the one charge of gross neglect, and although the corroboration is meager and not such as we should prefer to have to support the judgment, we believe that the decree may be affirmed on the ground of gross neglect of duty.

The parties lived together but a short time. It does not appear that plaintiff had any part in creating the small estate that defendant owned. His holdings are of very little value, and we can not say that the court erred in failing to give some part of the real estate of defendant to the plaintiff. by way of division of his property. We affirm the judgment.

A fair consideration of this record will not support a finding by this court that there is any error prejudicial to the plaintiff.

The judgment of the trial court must therefore be affirmed.

KUNKLE and BARNES, JJ, concur.